**Petrit BUJAJ–NIKOLL, Petitioner,**

v.

**Alberto GONZALES, Attorney General, Respondent.**

No. 05–4866–ag.

United States Court of Appeals, Second Circuit.

Sept. 6, 2007.

Charles Christophe, Christophe & Associates, P.C., New York, NY, for Petitioner.

Rudolph A. Filko, Assistant United States Attorney for Christopher J. Christie, United States Attorney, District of New Jersey, Newark, NJ, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. B.D. PARKER and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Petrit Bujaj–Nikoll, a native and citizen of Albania, seeks review of an August 25, 2005 order of the BIA affirming the December 12, 2003 decision of the Immigration Judge ("IJ") denying Bujaj–Nikoll's applications for asylum, withholding of removal, and withholding of removal pursuant to the Convention Against Torture. *In re Bujaj,* No. A78 965 642 (B.I.A. Aug. 25, 2005), *aff'g* No. A78 965 642 (Immig. Ct. N.Y. City Dec. 12, 2003). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Bujaj–Nikoll's claims rest primarily on three incidents he alleges occurred when he was in Albania: (1) while he and his brothers were in front of the Socialist Party headquarters in Shkoder, he was beaten by police and his brother was arrested and subsequently hospitalized; (2) at a demonstration following the 1998 funeral of Azem Hajdari, police threatened to kill him and his brother; and (3) while canvassing for the Democratic Party ("DP") in Tamaraj and meeting with youth in Garaban, he was approached by four people who threatened to kill him and his family if he continued to participate in DP activities.

The IJ denied Bujaj–Nikoll's claim for relief because (1) any presumption of a

well-founded fear arising from his treatment at the April 1991 anti-Communist demonstration was rebutted by the fall of Communism in Albania later that year, and (2) as to Bujaj–Nikoll's participation in the other events, the IJ found his testimony not credible for a variety of reasons. We review the agency's factual findings—including adverse credibility determinations—under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). We generally will not disturb adverse credibility determinations that are based on "specific examples in the record of inconsistent statements ... about matters material to [an applicant's] claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters." *Zhou Yun Zhang*, 386 F.3d at 74 (internal quotation marks omitted).

The IJ's findings are supported by substantial evidence. Bujaj–Nikoll argues that two of the IJ's inferences are improper, but we disagree.

[A] Bujaj–Nikoll's testimony about when he joined the DP contradicted his brother's. Further, Bujaj–Nikoll's DP membership card provided no corroboration because it was issued in 2003—when Bujaj–Nikoll was already in the United States. Especially in light of the fact that Bujaj–Nikoll's membership in the DP goes to the heart of his claims, the contradictory evidence on this point supports the IJ's finding of adverse credibility.

[B] Bujaj–Nikoll did not disclose in his written asylum application that he had spent time in Montenegro before finally leaving Albania. Of course, evidence that an applicant has returned to a country where he claims he is being persecuted supports an inference that the applicant is not credible. The fact that Bujaj–Nikoll omitted his time in Montenegro from his asylum application strengthens the IJ's inference of adverse credibility.

We do not reach any of Bujaj–Nikoll's arguments that were not fully exhausted before the B.I.A. and properly raised before this Court.

For the foregoing reasons, petition for review is DENIED.